Opinion by
Mr. Chief Justice Pringle.
The parties appear here in reverse order from the trial court. Plaintiff in errpr will be referred to as Aranci. Defendant in error, North Weld County Water District, will be referred to as North Weld. The Intervenor and Amicus Curiae, Northern Colorado Water Conservancy District, will be referred to as NCWCD. Third parties were joined in this suit, but all actions against them were dismissed during the trial along with North Weld’s claim in law for money damages.
In 1955, O. D. and Dorothy Cimiyotti petitioned NCWCD for water rights for their farm. The petition was granted, and the.Cimiyottis were allotted 350 acre-foot units-. O. D. Cimiyotti died, and Mrs. Cimiyotti succeeded to his interest. In July of 1962, Mrs. Cimiyotti signed an agreement to transfer this allotment off the land to the steering committee of the then proposed North Weld. NCWCD has regulations which provide that owners of water allotments may sell their land along with their water allotments without permission. To transfer allotments off the land, however, requires the action and permission of the-board of NCWCD, along with the signature of the then record owner of the land from which the water is to be transferred. Mrs. Cimiyotti received a down payment, and in December of 1962, quit claimed the water rights to North Weld. North *4 Weld never recorded this quit claim, nor did they file the necessary application for transfer with NCWCD. •
Aranci was in the market for a farm in this area. Through a real estate broker, the Cimiyotti farm was brought to his attention as being for sale. In January of 1963, the sale from Mrs. Cimiyotti to Aranci was consummated. The trial court made findings of fact that Aranci had prior actual notice that the NCWCD water rights which had been allotted to this farm had already been transferred to North Weld.
When Aranci filed his warranty deed, NCWCD changed their records to show him as the general owner since North Weld had failed to file. When this problem became apparent, North Weld requested NCWCD to change their records to show North Weld as the proper owner of this water. As NCWCD’s regulations require the record owner’s signature, it was necessary to get Aranci to sign. This he refused to do. North Weld brought suit in the District Court seeking a mandatory injunction ordering Aranci to sign the transfer. After taking testimony, the mandatory injunction was granted, and Aranci brings this writ of error. As we find no error, we affirm.
I.
Aranci first argues that North Weld did not properly show that they had no adequate and speedy remedy at law, and therefore they were not entitled to equitable relief. We disagree.
The rule is that where property whose return is sought is unique in character, equitable relief is always available. See Restatement of Contracts, § 361, comment g at 649. It is well known that in Colorado water is in short supply and irreplaceable, and shares representing such water are unique in character. Aranci introduced testimony to the effect that North Weld could go out into the open market and obtain a transfer to it of an amount of conservancy district water equal to that which is in controversy here. Assuming that is *5 true, it is clear from the record that the conservancy district has only a limited and precise amount of water available. North Weld has the right to obtain as much of this water as it can get on the open market. To limit it to damages under the circumstances would deplete by 350 acre-foot units the amount it could secure for its users. See Colorado Land and Water Co. v. Adams, 5 Colo. App. 190, 37 P. 39.
II.
Aranci next argues that North Weld induced this situation by its own failure to comply with regulations of the conservancy district and cannot now be heard to seek equity, citing Valley Development Co. v. Weeks, 147 Colo. 591, 364 P.2d 730. Valley Development Co. is strictly a case dealing with mitigation of damages and has no application to the question here presented. Here the trial court made a specific finding that Aranci knew that North Weld had already purchased the water allotment when he made his contract with Mrs. Cimiyotti. There is evidence in the record to support such a finding. Under such circumstances, Aranci had no valid claim to the water allotment.
III.
Aranci’s third argument is that this suit is to try the title to this water, and that equity cannot be used to try title. While it is correct that equity ordinarily should not be used to try title alone, we agree with North Weld that this is not what is being done here. In this case there is no doubt that title is properly in North We’d, and the relief sought is to enable North Weld to get the title properly transferred to it. All North Weld requires is Aranci’s signature to comply with the conservancy district’s regulations. The equity power of the trial court to order this done had nothing to do with title, and was properly implemented.
IV.
Aranci’s final argument is that since the actual transfer on the books of NCWC'D is purely discretionary *6 with its Board of Directors, equity should not be used as there is no assurance the decree itself will be finally determinative of this suit. This begs the point. North Weld did not ask the trial court to order NCWCD to make the change. They sought this injunction to be placed in a position to be able to ask NCWCD to make the change within NCWCD’s regulations. Certainly the decree here is finally determinative of that issue.
The judgment is affirmed.
Mr. Justice Day, Mr. Justice Hodges and Mr. Justice Groves concur.